UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LORENZO THOMAS SIMS, JR., | Case No. 16-CV-1130 (JNE/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| SHAWNDRA HOUDE, Dining Staff; JOANNE CHRISTENSON, FSS; STEVEN SAJDAK, Program Manager; KEVIN MOSER; Assistant Director; EMILY JOHNSON PIPER, Substitute Commissioner of Human Services; LUCINDA JESSON; Commissioner of Human Services; STEVE SAYOVITZ, Program Manager; TERRY KNIESEL, Assistance Director; and KEVIN MOSER, Facility Director, et al., | |
| Defendants. | |

Plaintiff Lorenzo Thomas Sims, Jr., a civil detainee at the Minnesota Sex Offender Program ("MSOP"), alleges that the named defendants violated his constitutional rights. Sims did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* ECF No. 2. Sims's IFP application is now before the Court.

Based on the information provided by Sims in his IFP application, the Court finds that Sims qualifies financially for IFP status. An IFP application will be denied, and the action will be dismissed, however, when an applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins.*

1

*Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Sims alleges that twice — once on December 24, 2015, and again on February 24, 2016 — MSOP officials failed to provide him with a breakfast. This conduct, claims Sims, constitutes "deprivation," "neglect," and "cruel and unusual punishment," and he seeks monetary relief under 42 U.S.C. § 1983 as a result.[1]

Construing the complaint liberally, Sims most naturally appears to be alleging that MSOP officials have acted with deliberate indifference in violation of the Due Process Clause of the Fourteenth Amendment.[2] The complaint, however, falls short of pleading a plausible deliberate-indifference claim. "The deliberate indifference standard has both objective and subjective prongs." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016). This Court will focus on the subjective prong — whether MSOP officials have plausibly been alleged to have acted with the requisite mental state to have violated Sims's constitutional rights. "The subjective prong of

---

[1] Sims also seeks relief under 28 U.S.C. § 1343(a), but this is a jurisdictional statute, not a substantive source of relief. *See Blue v. Craig*, 505 F.2d 830, 836-37 (4th Cir. 1974).

[2] Although the allegations of cruel and unusual punishment are clear references to Eighth Amendment rights, deliberate-indifference claims brought by state civil detainees generally arise out of the Due Process Clause of the Fourteenth Amendment. *See Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014). That said, the elements of a deliberate-indifference claim brought under either the Eighth or Fourteenth Amendments are generally the same. *Id*. at 339-40.

deliberate indifference is an extremely high standard that requires a mental state of 'more . . . than gross negligence.'" *Id*. (quoting *Fourte v. Faulkner Cnty., Ark*, 746 F.3d 384, 387 (8th Cir. 2014). Indeed, the subjective prong "requires a mental state akin to criminal recklessness." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (quotation omitted).

Nothing in the complaint suggests that MSOP officials acted with a "mental state akin to criminal recklessness" in failing to provide Sims with a breakfast on the dates in question. *Id*. The two isolated incidents, occurring two months apart, are insufficient to demonstrate a pattern of behavior that would suggest MSOP officials were depriving Sims of food deliberately. Moreover, the complaint itself alleges explanations for the mistakes other than purposeful inaction by MSOP officials. The first incident seems to have been the result of miscommunication between dining staff and the guards, while the second incident was due to a faulty intercom. *See* Compl. at 3-4. On both occasions, the cause of the mistake was fixed promptly, as the problems did not reoccur.

At *most*, the factual allegations described by Sims amount to negligence on the part of MSOP officials.[3] But as just explained, § 1983 requires more than mere negligence to establish a constitutional deprivation. To the extent that Sims may have a claim arising under state law for negligence, he has not alleged a basis for the Court's original jurisdiction over any such claims. *See* Fed. R. Civ. P. 8(a)(1). Further, it is doubtful that any such basis for original jurisdiction exists, as Sims — a civil detainee from Minnesota — is suing Minnesota state officials. *See* 28 U.S.C. § 1332(a). To the extent that this Court may have supplemental jurisdiction over state-law claims related to the federal deliberate-indifference claim, *see* 28 U.S.C. § 1367, the Eighth

---

[3] Even this may be a stretch. For example, the administrative grievance documents submitted by Sims suggest that on the second occasion, MSOP officials brought an alternative meal, which Sims then refused. *See* ECF No. 1-1 at 39. Sims does not deny this in his complaint; he instead alleges that he was denied a "proper" meal (without explaining what was "improper" about the alternative that seems to have been provided).

Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as here, all federal claims are dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). Sims must pursue negligence claims of in state court - not federal court.

Put simply: Not every mistake by detention-facility officials amounts to a constitutional deprivation. Missing two meals was no doubt an unpleasant experience for Sims. But there is nothing in the complaint to suggest that MSOP officials acted with anything close to the deliberate indifference needed to state a viable claim under § 1983. This Court therefore recommends that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii). Because it is not *necessarily* impossible that Sims could allege facts showing deliberate indifference on the part of MSOP officials, it is recommended that this action be dismissed without prejudice. Sims is forewarned, however, that it appears doubtful from the currently pleaded facts that he could ever allege a plausible claim for relief under § 1983, much less succeed on the merits of such a claim ultimately.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* of plaintiff Lorenzo Thomas Sims, Jr. [ECF No. 2] be DENIED.

Dated: June 9, 2016                    *s/Steven E Rau*
                                       Steven E. Rau
                                       U.S. Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**   This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.